UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTIAN SWAIN, KIA SWAIN,<br><br>　　　　　　　Plaintiffs,<br><br>　　v.<br><br>CMG MORTGAGE INC.,<br><br>　　　　　　　Defendant. | Case No. 3:25-cv-05578-TMC<br><br>ORDER GRANTING MOTION TO REMAND |

## I.　INTRODUCTION

This matter comes before the Court on Plaintiffs Christian and Kia Swain's motion to remand and Defendant CMG Mortgage Inc.'s motion to dismiss. Dkt. 5; Dkt. 12. The action began in state court, where Plaintiffs sued CMG for failing to properly reconvey and record their mortgage liens after selling the liens to another entity. Dkt. 1-1. Plaintiffs claim this action caused confusion and clouded their title, ultimately resulting in missed payments and a foreclosure notice from the new loan holder.

CMG removed the case from Washington state court. Dkt. 1. CMG claims that this Court has federal subject matter jurisdiction because the parties are diverse and the amount in controversy is met. Plaintiffs moved to remand the case to state court, arguing that the amount in

controversy was not satisfied. Dkt. 5. While the motion to remand was pending, CMG moved to dismiss. Dkt. 12.

The Court has considered the briefing filed in support of and in opposition to the motions. For the reasons below, the Court concludes that the amount in controversy requirement is not met and therefore GRANTS the motion to remand. Dkt. 5. Accordingly, the motion to dismiss is DENIED for lack of subject matter jurisdiction. Dkt. 12.

## II.    FACTUAL BACKGROUND

Plaintiffs Christian and Kia Swain filed their complaint in Clark County Superior Court on May 21, 2025. Dkt. 1-1 at 1. The Swains reside at a property located in Vancouver, Washington. *Id.* On August 23, 2022, the Swains took out a mortgage lien on the property. Dkt. 5-4 at 1. The lender was Defendant CMG Mortgage Inc. *Id.* The principal loan amount was $574,404.00, and Plaintiffs' monthly payment was $4,725.57. *Id.* Plaintiffs took out a second mortgage loan, totaling $29,250.00, also held by CMG. Dkt. 5-5 at 1. The monthly payments were set at $366.58. *Id.*

Plaintiffs allege that CMG "remains the recorded lienholder for both the first and second mortgages despite having openly admitted that it sold the lien in 2022." Dkt. 1-1 at 2. Plaintiffs assert that CMG recorded the liens and then sold them to Essex Mortgage via the Mortgage Electronic Registration System ("MERS"). *Id.* at 2; Dkt. 5-3 at 1. The servicing of the lien was then transferred to APEX Land Holdings ("APEX"). Dkt. 1-1 at 2; *see* Dkt. 5-3 at 5. At some point later, APEX sent a foreclosure letter to Plaintiffs. *See* Dkt. 1-1 at 2. Plaintiffs then contacted CMG. *Id.* at 3. CMG informed Plaintiffs that the loans were sold to Essex, and that any questions regarding the loans should be directed to the service provider, APEX. *See id.*; *see also* Dkt. 5-3 at 1.

Plaintiffs allege that CMG "has continued to refuse to reconvey the lien and has failed to record any assignment to a new lienholder, thereby clouding the Plaintiff[s'] title." Dkt. 1-1 at 2. Plaintiffs claim that CMG's "refusal to reconvey the lien despite admitting that it no longer holds the debt has . . . expos[ed] the Plaintiff to foreclosure threats from APEX and unlawful collection practices." *Id.* at 3. Plaintiffs sued in Clark County Superior Court. *See generally* Dkt. 1-1. They requested that the court: 1) "Declare that CMG Mortgage, Inc. has no legal right to enforce the lien and must reconvey both the first and second mortgages[]"; 2) "Quiet title by removing CMG as the recorded lienholder[]"; 3) "Award restitution for payments made to entities without standing[]"; 4) "Award damages for maintaining a false lien position, including attorney fees and costs under RCW 19.86 (CPA)[]"; and 5) "Grant any other relief deemed just and equitable." *Id.* at 4–5.

On July 1, 2025, CMG removed the case to this Court. Dkt. 1. CMG asserts that the case properly belongs in federal court under the diversity jurisdiction statute. Dkt. 1 ¶¶ 4–5. The next day, Plaintiffs moved to remand. Dkt. 5. Along with their motion, they filed a "Notice Limiting Relief." Dkt. 6. The Notice clarifies that "Plaintiffs seek only: (1) Declaratory relief that CMG Mortgage, Inc. no longer holds any beneficial interest in the mortgage loans at issue; (2) An order removing CMG as lienholder of record from the Clark County land records for the subject property." *Id.* at 1. Plaintiffs claim that the case should be remanded to state court because the amount in controversy is not satisfied, destroying diversity jurisdiction. Dkt. 5.

CMG responded, Dkt. 16, and Plaintiffs replied, Dkt. 17. The briefing is complete and the motion is ripe for the Court's consideration.

### III.    LEGAL STANDARD

An action brought in state court is removable to federal district court only if the federal court has original subject matter jurisdiction over the action. *See* 28 U.S.C. § 1441. A party may

ORDER GRANTING MOTION TO REMAND - 3

claim that a federal court has subject matter jurisdiction based on either diversity or a federal question. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

Diversity jurisdiction has two requirements. 28 U.S.C. § 1332. First, "[d]iversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Second, the amount in controversy must exceed $75,000. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1332).

The removal statute is construed narrowly, and any doubts about removal are resolved in favor of remanding the case to the state court. *Id.* (citing *Gaus v. Miles. Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Accordingly, on a motion to remand, the removing defendant faces a strong presumption against removal and bears the burden of establishing that removal was proper. *Gaus*, 980 F.2d at 566; *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("[B]ecause we presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record, the party asserting federal jurisdiction when it is challenged has the burden of establishing it.") (citation modified). If at any time before final judgment, the court determines that it is without subject matter jurisdiction, the action must be remanded to state court. 28 U.S.C. § 1447(c).

**IV.     DISCUSSION**

**A.     Timeliness of Opposition**

As a threshold matter, the Court must address if CMG's opposition was timely. Plaintiffs assert that CMG's response was late. Dkt. 15; Dkt. 17 at 1. Consequently, Plaintiffs argue that the Court should consider their motion to remand unopposed. Dkt. 15; Dkt. 17 at 1.

Under Local Civil Rule 7(d)(4), a motion to remand is a 28-day motion. Per the rule, "any opposition papers shall be filed and received . . . no later than 21 days after" the motion is filed. LCR 7(d)(4). In other words, a party has 21 days from the date a motion is filed to submit their opposition. *See id.* Here, Plaintiffs filed their motion to remand on July 2, 2025. Dkt. 5. The opposition had to be filed no later than July 23, 2025—21 days after the motion was filed. The opposition was filed on July 23. Dkt. 16. The Court thus finds that the opposition was timely.

**B.    Diversity of Parties**

The Court moves on to the requirements of diversity jurisdiction, beginning with complete diversity of the parties. As explained above, "each plaintiff must be of a different citizenship from each defendant." *Grancare, LLC*, 889 F.3d at 548 (citing *Caterpillar Inc.*, 519 U.S. at 68). Plaintiffs do not dispute that the parties are diverse. *See generally* Dkt. 5. Plaintiffs live in Washington state. *See* Dkt. 1-1 at 11 (identifying Plaintiffs' address). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Defendant CMG Mortgage is a California corporation with its principal place of business in California. Dkt. 1 ¶¶ 8, 10, 12; Dkt. 3 (corporate disclosure statement). Thus, the Court finds that the parties are completely diverse. The first requirement of diversity jurisdiction is satisfied.

**C.    Amount in Controversy**

*1.    Plaintiffs' Amendment of the Complaint*

The same day that Plaintiffs filed their motion to remand, they also filed a "Notice Limiting Relief." Dkt. 6. Plaintiffs state in the notice that they aim to "clarify the relief sought in their Complaint." *Id.* Plaintiffs explain that they "seek only" 1) declaratory relief that CMG "no longer holds any beneficial interest in the mortgage loans at issue;" and 2) an "order removing CMG as a lienholder of record from the Clark County land records for the subject property." *Id.*

ORDER GRANTING MOTION TO REMAND - 5

Plaintiffs further state that they "hereby waive any claims for monetary damages, restitution, or other financial recovery from Defendant CMG Mortgage, Inc. that may have been referenced in the original complaint." *Id.*

CMG responds that the notice "has no impact on this Court's subject matter jurisdiction." Dkt. 16 at 4. They argue that "[p]ost-removal declarations or other pleadings that reduce the amount recoverable 'do not oust a court's jurisdiction once it has attached.'" *Id.* at 4–5 (quoting *Briggs v. Service Corp. Int'l*, 653 F. Spp. 3d 839, 845 (W.D. Wash. 2023)).

But Plaintiffs notice may be construed as an amendment to their complaint. The Court must construe a pro se plaintiff's pleadings liberally and "afford the petitioner the benefit of any doubt." *Boquist v. Courtney*, 32 F.4th 764, 774 (9th Cir. 2022) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). The notice was filed before Defendant answered or otherwise responded to the complaint, and Plaintiffs could amend their complaint as of right. *See* Fed. R. Civ. P. 15(a). Construing Plaintiffs' notice liberally, the Court finds that it is intended as an amendment to the complaint, removing Plaintiffs' previous requests for restitution and damages. Dkt. 6; Dkt. 1-1 at 4–5.

As the Supreme Court recently explained in *Royal Canin U. S. A., Inc. v. Wullschleger*, the plaintiff is "'the master of the complaint,' and therefore controls much about [their] suit." 604 U.S. 22, 35 (2025) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 398–99 (1987)). The plaintiff "gets to determine which substantive claims to bring against which defendants[,]" and in so doing, "can establish—or not—the basis for a federal court's subject-matter jurisdiction." *Id.* And "the plaintiff's control over those matters extends beyond the time [their] first complaint is filed." *Id.* So, the Court concluded, "changes in parties, or changes in claims, effectively remake the suit. And that includes its jurisdictional basis: The

ORDER GRANTING MOTION TO REMAND - 6

reconfiguration accomplished by an amendment may bring the suit either newly within or newly outside a federal court's jurisdiction." *Id.* at 35–36.

Although the Court in *Royal Canin* recognized in a footnote that "an amendment reducing the alleged amount-in-controversy . . . will *usually* not destroy diversity jurisdiction," this is not the usual case. *Id.* at 38 n.8 (emphasis added). The examples provided by the Court concerned situations where there was a changed "fact on the ground" that affected the value of the suit, more than "the plaintiff's selection of claims and parties." *Id.* And the Court concluded the footnote by reiterating that it has "never held such a concern to limit the effect of the plaintiff's decision, as the master of her complaint, to add or subtract claims or parties." *Id.* Here, where the amount in controversy has changed not because of different facts on the ground, but because Plaintiffs have amended their complaint to remove all claims for damages, *Royal Canin's* broader rule recognizing the Plaintiffs' ability to remake their suit controls.

Thus, the Court looks to the amended complaint to assess jurisdiction. *See id.* (citing *Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 473–74 (2007)). Here, the only asserted relief remaining is that which Plaintiffs explain in their Notice Limiting Relief. Dkt. 6. This includes declaratory relief regarding CMG's interest in Plaintiffs' property and an order removing CMG as a lienholder of record. *Id.* The Court does not consider any damages or restitution, given the amendment to Plaintiffs' complaint. *See id.* Accordingly, in assessing the amount in controversy, the Court considers the value of the requested declaratory relief.

2.    *Assessing the Amount in Controversy*

CMG argues that, because this is a quiet title action, "the value of the indebtedness is the amount in controversy." Dkt. 16 at 3 (citation modified). CMG relies on *Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 774 (9th Cir. 2017). *Id.* There, the court explained, "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in

ORDER GRANTING MOTION TO REMAND - 7

controversy is measured by the value of the object of the litigation." *Corral*, 878 F.3d at 775 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). "Under the 'either viewpoint' rule, the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Id.* (quoting *In re Ford Motor Co./Citibank (S. Dakota), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)).

The Ninth Circuit has since held that a "Quiet Title Action" satisfied the amount in controversy requirement because "the object in litigation is the property, which was assessed at a value of more than $200,000[.]" *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011). In a different case where the plaintiffs sought to permanently enjoin foreclosure of their property on the grounds that it was unconstitutional, the Ninth Circuit held that because "[t]he whole purpose of this action is to foreclose the Bank from selling [the] property in the manner contemplated," the matter in controversy exceeded the jurisdictional minimum under 28 U.S.C. § 1331 based on the market value of the property. *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973).

Here, Plaintiffs submitted their mortgage documents as part of the motion to remand. Dkt. 5-4; Dkt. 5-5.[1] The first loan is for $574,404.00. Dkt. 5-4 at 1. The second is for $29,250.00. Dkt. 5-5 at 1. In a true quiet title action, this would satisfy the amount in controversy requirement. *See Chapman*, 651 F.3d at 1045 n.2; *Corral*, 878 F.3d at 775.

---

[1] The Court may consider documents submitted alongside the complaint and the motion to remand. "In the removal context, the inquiry into the amount in controversy is not confined to the face of the complaint." *Dalby v. Ditech Fin. LLC*, 285 F. Supp. 3d 1092, 1094 (D. Alaska 2018) (citing *Burk v. Med. Sav. Ins. Co.*, 348 F.Supp.2d 1063, 1067 (D. Ariz. 2004). "The [c]ourt may also consider facts presented in the removal petition and 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* (quoting *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004)).

ORDER GRANTING MOTION TO REMAND - 8

But what Plaintiffs seek here is not really to quiet title. The claims set forth in a complaint are judged by the substance of what is alleged, not how it is labeled. *See* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1286 (4th ed. 2023) ("A pleading will be judged by the quality of its substance rather than according to its form or label."); *cf. Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008) ("Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories."). Washington law provides that in a quiet title action, the plaintiff "shall set forth in his complaint the nature of his estate, claim or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." *Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d 1202, 1208 (W.D. Wash. 2013), *aff'd*, 702 F. App'x 595 (9th Cir. 2017) (quoting RCW 7.28.120). A quiet title action may only be brought against a tenant in possession or a "person claiming title or some interest" in the property. *Id.* (quoting RCW 7.28.010). To quiet title, a plaintiff must allege facts showing that he has satisfied his obligations under the deed of trust. *Hummel v. Nw. Tr. Servs., Inc.*, 180 F. Supp. 3d 798, 809 (W.D. Wash. 2016), *aff'd*, 740 F. App'x 142 (9th Cir. 2018) (citation omitted).

Plaintiffs allege that CMG is the recorded lienholder for two mortgage loans associated with their property. Dkt. 1-1 at 2. CMG, however, sold the lien in 2022, to Essex Mortgage via the MERS system. *Id.* Sometime after, Plaintiffs received a foreclosure letter from APEX. *Id.* Plaintiffs argue that CMG failed to record the lien transfer, in violation of Washington law. *Id.* Plaintiffs maintain that they have made "formal requests for CMG to remove itself as the recorded lienholder and identify or allow the actual holder of the note to come forward." *Id.* at 3. But, Plaintiffs explain, CMG has refused and simply directed Plaintiffs to contact their loan servicer. *Id.* Plaintiffs claim this response is "legally insufficient[.]" *Id.* Plaintiffs allege that CMG's refusal to reconvey the lien, "despite admitting that it no longer holds the debt[,] has

ORDER GRANTING MOTION TO REMAND - 9

created a cloud on the Plaintiff[s'] title, exposing the Plaintiff[s] to foreclosure threats from APEX and unlawful collection practices." *Id.*

Plaintiffs here do not argue that CMG has any claim or title to the property. *See Robertson*, 982 F. Supp. 2d at 1208. Nor do Plaintiffs seek to "resolve competing claims of ownership." *Id.* Nor have Plaintiffs alleged facts showing that they have satisfied their obligations under the loans. *See Hummel*, 180 F. Supp. 3d at 809.

Rather, Plaintiffs ask the Court to declare that CMG no longer holds any interest in the liens and to remove CMG as a lienholder from the Clark County records. Dkt. 1-1 at 4. Thus, though Plaintiffs state that "[t]his is a complaint to quiet title[,]" *id.* at 3, that is not the case.

In *Dicion v. Mann Mortg., LLC*, the Ninth Circuit confronted a similar situation. 718 F. App'x 476, 477–78 (9th Cir. 2017). There, the plaintiff claimed the amount in controversy was measured by the equity he had lost in the property or by the value of the property. *Id.* But the Ninth Circuit explained that the plaintiff's "quiet title" claim was not truly one to quiet title. *Id.* at 478. The court noted that the plaintiff did "not allege he ha[d] paid, or [was] able to tender, the amount of indebtedness." *Id.* Nor did he "allege he own[ed] his property free and clear of any debt obligations." *Id.* Thus, "neither the lost equity in nor the value of the subject property was the object of the litigation." *Id.* (first citing *Fed. Nat'l Mortg. Ass'n v. Kamakau*, No. CIV. 11-00475 JMS, 2012 WL 622169, at *9 (D. Haw. Feb. 23, 2012) ("[I]n order to assert a claim for 'quiet title' against a mortgagee, a borrower must allege he has paid, or is able to tender, the amount of indebtedness."); and then citing *Klohs v. Wells Fargo Bank, N.A.*, 901 F.Supp.2d 1253, 1261 n.4 (D. Haw. 2012) ("Plaintiffs' contention that they do not know to whom their debt is owed is not a basis to 'quiet title.'")).

Accordingly, the Ninth Circuit concluded, "the district court correctly found the object of the litigation to be the value of relieving [plaintiff's] uncertainty as to whom to send his

ORDER GRANTING MOTION TO REMAND - 10

mortgage payments." *Id.* Such relief "appear[ed] to be intangible, speculative, and lack[ed] the capability of being translated into monetary value." *Id.* (quoting *Jackson v. Am. Bar Ass'n*, 538 F.2d 829, 831 (9th Cir. 1976) (per curiam) (citations omitted)). The Ninth Circuit found that, "[e]ven if [plaintiff's] subjective relief could be translated into monetary value, he ha[d] not even attempted to provide monetary estimates." *Id.*; *see also Broyles v. Specialized Loan Servicing, LLC*, 700 F. App'x 746, 747 (9th Cir. 2017) (similar).

The same is true here. As explained above, the elements of a quiet title action are missing. *See* Dkt. 1-1; Dkt. 6. Plaintiffs seek to determine that CMG no longer holds any beneficial interest in their loans and to remove CMG as the lienholder for the property, because CMG sold its interest to another lender. Dkt. 6. Both claims for relief arise from the same problem: "uncertainty as to whom to send [Plaintiffs'] mortgage payments." *Dicion*, 718 F. App'x at 478. Such relief is "intangible, speculative, and lack[s] the capability of being translated into monetary value." *Id.* (quoting *Jackson*, 538 F.2d at 831).

In *Corral*, the Ninth Circuit explained that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." 878 F.3d at 774 (citations omitted). "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional threshold]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Corral*, 878 F.3d at 774 (quoting *Matheson*, 319 F.3d at 1090–91).

Defendants have not met their burden here. They have not shown the value of the requested relief by a preponderance. *Singer*, 116 F.3d at 376. Doing so would certainly be

ORDER GRANTING MOTION TO REMAND - 11

difficult, as the relief requested is "intangible, speculative, and lack[s] the capability of being translated into monetary value." *Dicion*, 718 F. App'x at 478 (quoting *Jackson*, 538 F.2d at 831). But the removal statute must be construed narrowly, and any doubts about removal are resolved in favor of remanding the case. *Matheson*, 319 F.3d at 1090 (citing *Gaus*, 980 F.2d at 566). Remand is therefore required here.

## V. CONCLUSION

For these reasons, the Motion to Remand, Dkt. 5, is GRANTED. Thus, the Court ORDERS that:

1. Pursuant to 28 U.S.C. § 1447(c), all further proceedings in this case are REMANDED to the Superior Court for Clark County in the State of Washington;

2. The Clerk shall mail a certified copy of this Order to the Clerk of the Court for the Superior Court for Clark County, Washington; and

3. The Clerk shall close this case.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 2nd day of September, 2025.

Tiffany M. Cartwright
United States District Judge